NO. 07-11-0454-CV
 NO. 07-11-0455-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 NOVEMBER 18, 2011

 ______________________________

 IN RE EDWARD EMMETT CORKER, RELATOR

 ______________________________

 ORIGINAL PROCEEDINGS ARISING OUT OF PROCEEDINGS
 BEFORE THE 320[TH] DISTRICT COURT OF POTTER COUNTY;
 NOS. 47,763-D & 47,764-D; HONORABLE DON EMERSON, JUDGE

 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 MEMORANDUM OPINION
 Edward Emmett Corker, an inmate proceeding pro se and in forma pauperis, seeks a writ of mandamus to compel the Honorable Don Emerson, Judge of the 320th District Court of Potter County, to rule on his motion to dismiss in which he challenges Orders to Withdraw Funds from his inmate account entered pursuant to section 501.014(e) of the Texas Government Code Annotated (West Supp. 2011). For the reasons expressed herein, we deny Relator's request.

 Background
 On April 19, 2011, Relator was convicted of possession of a controlled substance, enhanced, in cause number 47,763-D, and sentenced to seven years confinement. That same day, he was also convicted of credit card abuse in cause number 47,764-D and sentenced to eighteen months in a state jail facility. According to documents filed with his petition for writ of mandamus, on May 11, 2011, the Potter County District Clerk filed a turnover order without a proceeding being held. Relator alleges, among other claims, due process violations due to the trial court's entry of Orders to Withdraw Funds from his inmate account. He also challenges the Bills of Costs.
 Mandamus Standard of Review
Mandamus relief is an extraordinary remedy. In re Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Additionally, a relator has the burden to provide a sufficient record to enable a reviewing court to consider the basis for the relief sought. See Walker, 827 S.W.2d at 837.
 Analysis
Initially, we address Relator's failure to comply with some of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. A petition for writ of mandamus must include Identity of Parties and Counsel, Table of Contents, Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues Presented, Statement of Facts, Argument, Prayer, Certification and Appendix. See Tex. R. App. P. 52.3(a)-(k). Although Relator's petition identifies the Honorable Don Emerson as Respondent, it does not contain a Table of Contents, Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues Presented, Statement of Facts, Argument, and Certification. See generally Tex. R. App. P. 52.3. Although Relator includes certain items in his Appendix, he does not include a certified or sworn copy of the motion to dismiss, copies of the Orders to Withdraw Funds or copies of the Bills of Costs of which he complains. Exhibit B to Relator's petition is presumably a copy of the motion to dismiss the orders to withdraw funds filed in the trial court on which he seeks to have the trial court enter rulings. However, the motion does not bear a file stamp. We are unable to determine whether the motion has been brought to the trial court's attention. Showing that a motion was filed with the trial court clerk does not constitute proof that the motion was brought to the trial court's attention. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). 
Recognizing that pro se filings may be reviewed less stringently than those filed by attorneys, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a party proceeding pro se must still comply with rules of procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Even if we were to review Relator's request for mandamus relief with patience and liberality, he has not satisfied his burden to provide a sufficient record to enable this Court to consider his complaint. See Walker, 827 S.W.2d at 837. Neither has he established his entitlement to mandamus relief.
Consequently, Relator's petition for writ of mandamus is denied.
 Patrick A. Pirtle
 Justice